UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:08-CR-69-GFVT-1 |
| | ) | |
| JONATHAN E. DOBBS, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral (D.E. 31), considers reported violations of supervised release conditions by Defendant Jonathan E. Dobbs. The District Court entered a judgment against Defendant in July 2009 for manufacturing 50 or more plants of marijuana in violation of 21 U.S.C. § 841(a)(1). (D.E. 27). Defendant's original punishment terms were six months of imprisonment followed by three years of supervised release. Defendant began his supervised release term on January 8, 2010.

On June 23, 2010, the United States Probation Office (USPO) issued a Supervised Release Violation Report, and secured a warrant from the District Judge. The Report charges Defendant with violating Standard Condition #7, which provides that "the defendant . . . shall not purchase, possess, use, distribute, or administer any controlled substance . . . except as prescribed by a physician." Specifically, the Report states that, on June 17, 2010, a urine specimen provided by Defendant tested positively for the

presence of methadone via an instant test device. Although he initially denied the use of a controlled substance, Defendant allegedly admitted at a later time to using a methadone tablet earlier in the week in order to self-medicate. According to the report, Defendant also admitted that he obtained the methadone tablet from a "friend." Additionally, the Report charges Defendant, in Violation #2, with violating the supervised release condition which provides that "[t]he defendant shall not commit another federal, state, or local crime." The Report reasons that the use of a controlled substance, as alleged in the violation described above, is the equivalent of possessing the controlled substance in violation of 21 U.S.C. § 844(a). Finally, in an August 16, 2010 Report Addendum, Defendant is also alleged, in Violation #3, to have violated the condition that he "not commit another federal, state, or local crime" for having been charged with third degree burglary and theft by unlawful taking.[1]

The Court conducted an initial appearance pursuant to Rule 32.1 on March 10, 2011, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. (D.E. 33). At the initial appearance, the United States made an oral motion for interim detention, whereas Defendant sought release. (*See id.*). The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). (*See id.*).

---

[1] Defendant subsequently pled guilty to, and was convicted of, two counts of third degree burglary and two counts of theft by unlawful taking. At the final hearing on March 15, 2011, Defendant acknowledged that he pled guilty to these offenses, because he was, in fact, guilty of the offenses. Defendant was sentenced by the Wayne Circuit Court to a probated term of imprisonment of 5 years.

At the final hearing on March 15, 2011, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violations. Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violation as described in the Report. In the Supervised Release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The United States thus established Violations #1, #2, and #3 under the standard of § 3583(e).

At the final hearing, the United States recommended revocation, imprisonment for a period of four months with a condition that substitutes home detention for a period of two months of that term, and a term of 18 months of supervised release to follow the term of imprisonment. The United States recommended that while on supervised release, Defendant be subject to all conditions previously imposed including the condition that Defendant participate in a program of mental health treatment at the direction and discretion of his probation officer. Defendant did not object to, and essentially joined in, the recommendation by the United States. However, the recommendation is not binding on the Court.

The Court has evaluated the entire record, including the recent Supervised Release Violation Report and accompanying documents and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis. Under § 3583(e)(3), a defendant's

At the final hearing on March 15, 2011, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violations. Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violation as described in the Report. In the Supervised Release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The United States thus established Violations #1, #2, and #3 under the standard of § 3583(e).

At the final hearing, the United States recommended revocation, imprisonment for a period of four months with a condition that substitutes home detention for a period of two months of that term, and a term of 18 months of supervised release to follow the term of imprisonment. The United States recommended that while on supervised release, Defendant be subject to all conditions previously imposed including the condition that Defendant participate in a program of mental health treatment at the direction and discretion of his probation officer. Defendant did not object to, and essentially joined in, the recommendation by the United States. However, the recommendation is not binding on the Court.

The Court has evaluated the entire record, including the recent Supervised Release Violation Report and accompanying documents and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis. Under § 3583(e)(3), a defendant's

maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's § 841 conviction was for a Class C felony. *See* 18 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-439 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to violation #1, a Grade B violation with respect to Violation #2, and a Grade B violation with respect to Violation #3. Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's range, under the Revocation Table of Chapter 7, is 4-10 months.

Congress does *mandate* revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of § 3583(g)(1). *See United States v. Metcalf*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection."). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). Defendant did not seek, nor does the record support, application of this exception.

The Court has considered all of the § 3553 factors imported into the § 3583(e) analysis, and finds that imprisonment of four months with a condition that substitutes home detention for a period of two months of that term is appropriate based upon those factors. The Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction

primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court has, thus far, been lenient with Defendant.

Defendant received an original term of imprisonment at the low end of the guideline range, yet admittedly violated the terms of his supervised release following that term of imprisonment. Defendant has therefore breached the trust granted to him by the Court. The Court must impose a sentence that is sufficient, but not greater than necessary, to address this breach of trust and the other statutory goals imported into § 3583(e). Here, the Court finds that a sentence at the low end of the guideline range will satisfy these objectives and therefore finds that the recommended sentence is appropriate.[2] Defendant was warned, however, that any future violation will likely result in a ***significantly*** longer sentence.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of imprisonment actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Here, the maximum term of supervised release would be life, *see* 21 U.S.C.

---

[2] The Court notes that Defendant served approximately eight months imprisonment pursuant to the Wayne Circuit Court's Judgment discussed above, which period concluded immediately prior to the Rule 32.1 proceedings discussed herein.

§ 841(b)(1)(C) (providing for a maximum term for supervised release of life for the underlying offense), less any revocation term imposed, *see* 18 U.S.C. § 3583(h). Based upon the factors described above, the Court finds that an additional term of supervised release of 18 months following the term of imprisonment is warranted, with additional conditions as set forth below. Defendant still has the ability and opportunity to change the course of his life. Part of that appropriate course must include strict compliance with *all* conditions of supervised release in the future.

The Court **RECOMMENDS**, based on the violations found:

1. Revocation and imprisonment for a term of 4 months with a condition that substitutes home detention for a period of two months of that term. Defendant shall immediately inform Probation of his intended residence following imprisonment. During home detention Defendant shall remain at the designated residence (unless the USPO approves a residential change) at all times except for pre-approved absences for employment or job-seeking, court-ordered obligations, medical appointments, religious services, counseling, and drug treatment. Unless the situation involves a medical emergency, Collins must have advance approval before leaving his home during the home detention period. For a medical emergency, Collins must, as immediately as possible, alert the USPO of the emergency.

2. An additional supervised release term of 18 months. While on supervised release, the Court recommends that Defendant be subject to the following

7

conditions, ***in addition*** to those imposed by the Court's judgment dated July 15, 2009, as modified by Court Order dated May 3, 2010:

    a.    Defendant shall notify the United States Probation Office immediately (i.e., within 72 hours) of the loss, theft, or misplacement of any prescription medication containing a controlled substance; and

    b.    Defendant shall disclose to any physician prescribing a controlled substance to Defendant the terms of his supervised release

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge VanTatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 16th day of March, 2011.



Signed By:
*Hanly A. Ingram*
United States Magistrate Judge