UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 08-69-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **ORDER** |
| JONATHAN E. DOBBS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition [R. 34] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Jonathan E. Dobbs, allegedly violated the terms of his supervised release, and he was arrested based on those alleged violations. [*See* R. 29, 30.] This matter was then referred to Judge Ingram to conduct a final revocation hearing and recommend a proposed disposition of the matter. [R. 31.]

Pursuant to the referral order, Judge Ingram conducted a final revocation hearing on March 15, 2011 [R. 35]. At this hearing, the Defendant stipulated to the alleged violations, Violations #1, #2, and #3. [*See* R. 34.] The United States recommended revocation, imprisonment for a period of four months, with a condition that substitutes home detention for a period of two months of that term, and a term of eighteen months of supervised release to follow. [*See id.*] The Defendant did not object to this recommendation. [*See id.*] Judge Ingram issued his Recommended Disposition the following day, essentially adopting the United States' recommendation. [R. 34.] The Recommended Disposition directs the parties' attention to the relevant statute which requires any objections to be filed within fourteen (14) days. *See* 28

U.S.C. § 636(b)(1). As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [R. 34] as to Jonathan E. Dobbs is **ADOPTED** as and for the Opinion of the Court;

2. The Defendant, Jonathan E. Dobbs, is found to have violated the terms of his Supervised Release as set forth in Violation Numbers 1, 2, and 3 of the Petition filed by the United States Probation Office;

3. The Defendant's Supervised Release is **REVOKED;**

4. The Defendant, Jonathan E. Dobbs, is **SENTENCED** to a term of imprisonment of **four (4) months**, with a condition that substitutes home detention for a period of two months of that term. The Defendant shall immediately inform Probation of his intended residence following imprisonment. During home detention, the Defendant shall remain at the designated residence (unless the United States Probation Office approves a residential change) at all times

except for pre-approved absences for employment or job-seeking, court-ordered obligations, medical appointments, religious services, counseling, and drug treatment. Unless the situation involves a medical emergency, the Defendant must have advance approval before leaving his home during the detention period. For a medical emergency, the Defendant must, as immediately as possible, alert the United States Probation Office ("USPO") of the emergency;[1]

  5. The Defendant is also **SENTENCED** to an additional supervised release term of **eighteen (18) months**. While on supervised release, the Defendant will be subject to the conditions imposed by the Court's judgment dated July 15, 2009 [R. 27], as modified by the Order dated May 3, 2010 [R. 28], and he will be subject to these additional conditions:

   a. The Defendant shall notify the USPO immediately (i.e., within 72 hours) of the loss, theft, or misplacement of any prescription medication containing a controlled substance; and

   b. The Defendant shall disclose to any physician prescribing a controlled substance to the Defendant the terms of his supervised release;

  6. Judgment shall be entered concurrently herewith;

  7. The allocution hearing scheduled for April 27, 2011, is **CANCELLED**.

This the 25th day of April, 2011.

Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**

---

[1] The Court notes that the Defendant filed a Waiver of his right to allocution before the district court. [R. 37.] Accordingly, the Court will cancel the allocution hearing scheduled for April 27, 2011 [*see* R. 36].